Frost, J.
delivered the opinion of the Court.
The death of the defendant pending this appeal, has presented a preliminary question, whether the proceeding against him is thereby abated. The conviction subjected the defendant to a fine. Judgment had been rendered and execution issued against him, in his life time. Judicial process is abated by the death of a party, only when that occurs before final judgment. The appeal suspended the execution, which, after the appeal is dismissed, may be levied of the property of the deceased as in a civil action.
The constitutional objection to the jurisdiction of the magistrate is answered by the case of the Commissioners of New Town Cut v. Seabrook, in the Court of Errors.
No appeal is given to this Court from the judgment of the magistrate, by the Act of 1740, nor by any other 4ct. It cannot, therefore, assume jurisdiction of the case to grant a new trial or otherwise correct the errors alleged in the grounds of appeal. Hall v. Carmand. The motion might thus be dismissed. But the case having been argued and considered, it may be proper, for the settlement of the questions made in the argument, to express the opinion of the Court.
The Act does not prescribe what, kind or quality of food shall be sufficient. It was probably wiser to leave that matter to be determined by the custom of the country. The evidence shews the common opinion to be, that animal food is necessary, and the custom to supply it in the section of the State in which the defendant resided. But the case does not bring in review the judgment of the magistrate that meat is necessary for sufficient food. The defendant did not give his negroes enough even of meal, the only provision he did give. Five bushels of meal weekly, <he largest quantity stated by any witness, even if not reduced in the ratio of three eighths oí a bushel, in two bushels, to the standard of the defendant’s measure, was plainly insufficient for a family of eight whites and twenty-one slaves. But it appears from the testimony of Jackson, the defendant’s overseer, that this *575 supply was not regular. The grown negroes had only a quart of meal a day. Many days,_ he says, they had no meal., Sometimes it gave out Thursday and sometimes Friday. They would then have a quart to last them till Monday evening. The stinted daily allowance when withheld, must have reduced the wretched slaves to famine. For seventeen months, Jackson did not know that shoes had been given to them. Their feet were frost-bitten and sore. During the same period no clothes were given to them. The testimony of Jackson should outweigh that of all the other witnesses. None of them had the opportunity to know what food and clothing were given, except the defendant and his two daughters. The testimony of the defendant is vague and evasive; and that of his young girls, incredible.
7 Stat. 37a
4 Stat. 540.
The Act permits the party to exculpate himself from the charge, by his own oath, if positive evidence is not given of the otfence. The evidence for the prosecution was sufficient to exclude the defendant from this privilege.
The 38th sec. of the Act of 1740, under which the defendant was convicted, is not repealed by the omission to incor-parate it in the Act of 1839, concerning the office and duties of magistrates. That Act only repeals what may be inconsistent with it. A fearful chasm would be made in the law, if all the enactments, which might properly have been incorporated in the Acts respecting district officers and offices, were repealed by implication, when omitted. The Act of 1722 enforced, by penalty, the duty of the master to provide his slaves with sufficient food and clothing. By the Act of 1740, the offence of neglecting so to do, was made more specific and more penal. This Act, after repeated revivals, was made perpetual by the Act of 1783, and was confirmed in 1790, by the 7th section of the constitution, which declared that all Acts, then in force, should continue so, until altered or repealed by the legislature.
No change of circumstances renders a change of the law necessary or expedient. The law is salutary, even more by the opprobium which follows a conviction, than by the penalties for its violation. Public opinion derives force from its sanction ; and the rapaciousness of the owner is checked by fear of its active interference. Instances do sometimes, though rarely, occur, in which it is necessary to interfere in behalf of the slave against the avarice of his master. In such cases the law should interpose its authority. It is due to public sentiment, and is necessary to protect property from the depredation of famishing slaves.
The motion is dismissed.
Richardson, J. — O’Neall, J. — and Evans, J. — concurred.
Wardlaw, J.
I agree that no appeal lies to this Court in the case as now presented. I give no further opinion.